**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROZMAN LEGAL GROUP, P.C.,** )  )  **Plaintiff,** )  )  vs. )  )  **LEGALZOOM.COM, INC.,** )  )  **Defendant.** ) | No. 12 CV 4016  Judge Rebecca R. Pallmeyer |

**LEGALZOOM.COM, INC.'S MOTION TO DISMISS
THE COMPLAINT OF ROZMAN LEGAL GROUP, P.C.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant LegalZoom.com, Inc. ("LegalZoom"), by and through its attorneys, Raymond A. Fylstra and Manuel J. Placencia, Jr. of KUBASIAK, FYLSTRA, THORPE & ROTUNNO, P.C., moves this Court to dismiss the Complaint of Plaintiff Rozman Legal Group, P.C. ("Rozman" or "Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), because Rozman is contractually required to mediate its claims against LegalZoom. If mediation is unsuccessful, Rozman is contractually required to arbitrate its claims. In support of its Motion, LegalZoom states as follows:

1. On or about May 23, 2012, Rozman filed a five-count complaint in the above-captioned matter (the "Complaint").

2. The Complaint incorporates as exhibits four written agreements between LegalZoom and Rozman. The first is a "Mutual Nondisclosure Agreement" dated March 8, 2010. The other three are each entitled "Firm Panel Agreement." The Firm Panel Agreements are dated August 7, 2010, September 10, 2010, and October 6, 2010, respectively. (See Exhibits A, B, C, and D to the Complaint, which is attached to this Motion as Exhibit 1.)

3. Each of the Firm Panel Agreements contains the same merger clause in section 11.3, superseding all prior agreements:

> <u>Entire Agreement</u>. This Agreement contains all of the covenants and agreements between the parties. Each party hereto acknowledges that no representations, inducement or agreements, oral or otherwise have been made by any party or anyone acting on behalf of any party, which are not embodied herein, and no other agreement, statement or promise not contained in this Agreement shall be valid or binding. Any modification of this Agreement will be effective only if it is in writing duly executed by all parties to this Agreement.

(Underscoring in original.)

4. Each of the Agreements states that California law shall apply, and each of the Firm Panel Agreements contains an agreement to mediate all disputes arising out of the Agreements. The Mutual Nondisclosure Agreement includes other, non-judicial dispute resolution procedures,[1] but it is superseded by the Firm Panel Agreements. Under the latter, mediation is a condition precedent to binding arbitration, to which the parties have also agreed.

5. Section 8.1 of each of the Firm Panel Agreements states,

> This Agreement is deemed to be made under and is to be construed according to the laws of the State of California. **Both parties shall seek to resolve any dispute arising out of this Agreement through good faith mediation in Los Angeles, California.** Each party shall be responsible for its own costs and expenses related to any such mediation. Mediation fees shall be shared equally by the parties. **If no agreement can be reached regarding a dispute through mediation within thirty (30) days after notification in writing by either Party to the other concerning such dispute, either party may demand that the dispute be settled by arbitration to be conducted in Los Angeles County, California before an arbitrator to be mutually agreed upon.** If the parties cannot agree upon an arbitrator each party shall select its own arbitrator and these two arbitrators shall select a third arbitrator. The parties agree to settle any disputes between the parties by

---

[1] The Mutual Nondisclosure Agreement calls for "judicial reference" under section 168 of the California Code of Civil Procedure in certain situations. Judicial Reference is similar to arbitration. If the parties agree to the procedure, the court appoints a neutral referee who hears evidence and is empowered to make binding rulings.

>arbitration in accordance with the rules then in effect by the American Arbitration Association. The results of an arbitration conducted pursuant to this section shall be binding on both parties, and judgment upon the award given by the arbitrators may be entered in any court having jurisdiction thereof. The prevailing party shall also recover all expenses and fees of the arbitration including reasonable attorney fees and the expenses of the arbitration. Notwithstanding the above, in addition to any other rights to which it may be entitled, either Party may seek preliminary or final injunctive or equitable relief from any court having jurisdiction in the event: (a) of a breach of Section 6 or (b) where the non-breaching party would suffer irreparable harm by the continued breach of the breaching party, in each case, without the necessity of proof of actual damages.

(Emphasis added.)

6. While attaching the agreements which require mediation and, if necessary, arbitration to resolve disputes, Rozman does not allege anything about satisfying this condition precedent. Rozman does not allege that he requested mediation or arbitration, and in fact he did neither.

7. The California Supreme Court has recently and repeatedly acknowledged that California has a "strong legislative policy" in favor of alternative dispute resolution. *Rojas v. Superior Court*, 33 Cal. 4th 407, 415, 93 P.3d 260, 264-65 (2004), citing *Foxgate Homeowners' Assn. v. Bramelen California, Inc.,* 26 Cal. 4th 1, 14, 25 P.3d 1117 (2001).

8. Both the California Supreme Court and the California State Legislature have recognized that mediation is one of the types of alternative dispute resolution that should be implemented, and "[i]t is in the public interest for mediation to be encouraged and used where appropriate by courts." *Rojas*, 33 Cal. 4th at 415, 93 P.3d at 265.

9. The California federal courts have acknowledged that the Federal Arbitration Act creates a federal policy in favor of alternative dispute resolution, and "any doubts concerning the scope" of the issues covered by a mediation clause should be resolved in favor of mediation.

*Centaur Corp. v. On Semiconductor Components Industries, LLC*, No. 09 CV 2041, 2010 WL 444715 at *3 (S.D. Cal. Feb. 2, 2010) (addl. citations omitted).

10. It is the long-standing law of California that, where a written agreement contains a provision stating that the parties "shall" participate in alternative dispute resolution, such alternative dispute resolution is a condition precedent to seeking relief in court. *See Charles J. Rounds Co. v. Joint Council of Teamsters No. 42 et al.*, 4 Cal. 3d 888, 894, 484 P.2d 1397 (1971), citing *Clogston v. Schiff-Lang Co., Inc.*, 2 Cal. 2d 414, 416, 41 P.2d 555 (1935), and *Transcontinental & Western Air v. Koppal*, 345 U.S. 653, 660 (1953) (addl. citations omitted).

11. The California Supreme Court has further held that where a lawsuit is filed, and the plaintiff fails to mediate a dispute pursuant to a contract that makes mediation a condition precedent, the lawsuit should be dismissed. *Charles J. Rounds*, 4 Cal. 3d at 899-900, 484 P.2d 1397.

12. A motion to dismiss due to a plaintiff's failure to mediate should be treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *Centaur*, 2010 WL 444715, at *3.

13. Here, Section 8.1 of the Firm Panel Agreements attached to the Complaint requires Rozman to mediate in Los Angeles, California, as a condition precedent to binding arbitration in that same location. (See Exhibits B, C and D to Exhibit 1 to this Motion.)

14. LegalZoom is willing and ready to mediate (and then, if necessary, arbitrate) as the parties agreed to do when they entered into the Firm Panel Agreements.

15. This Court, should enforce the plain language of Section 8.1 of the Firm Panel Agreements, and dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

16. LegalZoom reserves all other defenses to the Complaint.

WHEREFORE, LegalZoom.com, Inc. respectfully requests that this Court dismiss the Complaint of Rozman Legal Group, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), and award LegalZoom.com, Inc. any other or additional relief that this Court deems necessary and just.

Dated: June 20, 2012.

Respectfully submitted,

LEGALZOOM.COM, INC.

/s/Raymond A. Fylstra_____

Raymond A. Fylstra
Manuel J. Placencia, Jr.
KUBASIAK, FYLSTRA, THORPE & ROTUNNO, P.C.
Two First National Plaza
20 South Clark Street, 29th Floor
Chicago, Illinois 60603
(312) 630-9600 (Phone)
(312) 630-7939 (Fax)